UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BOUTON, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) | Judge |
| | ) | |
| DEPUTY ERT ALVARADO, | ) | Magistrate Judge |
| DEPUTY COPPES, | ) | |
| DEPUTY FILIUS, | ) | Jury Demand |
| DEPUTY RAUBA, | ) | |
| DEPUTY OWENS, | ) | |
| DEPUTY TOMALIEH, | ) | |
| DEPUTY BROOKS, | ) | |
| individually, and | ) | |
| WILL COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, ROBERT BOUTON, by and through his attorneys, Gregory E. Kulis and Associates, complaining against the Defendants, DEPUTY ALVARADO, DEPUTY COPPES, DEPUTY FILIUS, DEPUTY RAUBA, DEPUTY OWENS, DEPUTY TOMALIEH, DEPUTY BROOKS, individually; and WILL COUNTY, as follows:

1) This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants committed under color of law.

2) Jurisdiction is based on Title 28 U.S.C. §1343 and §1331.

3) The Plaintiff, ROBERT BOUTON, is a United States citizen and permanent resident of the State of Illinois.

1

4) The Defendant, DEPUTY ALVARADO ("Defendant Alvarado") individually, was at all relevant times a duly appointed police officer of the Defendant, WILL COUNTY, and at all relevant times was acting within the scope of his employment and under color of law.

5) The Defendant, DEPUTY COPPES ("Defendant Coppes") individually, was at all relevant times a duly appointed police officer of the Defendant, WILL COUNTY, and at all relevant times was acting within the scope of his employment and under color of law.

6) The Defendant, DEPUTY FILIUS ("Defendant Filius") individually, was at all relevant times a duly appointed police officer of the Defendant, WILL COUNTY, and at all relevant times was acting within the scope of his employment and under color of law.

7) The Defendant, DEPUTY RAUBA ("Defendant Rauba") individually, was at all relevant times a duly appointed police officer of the Defendant, WILL COUNTY, and at all relevant times was acting within the scope of his employment and under color of law.

8) The Defendant, DEPUTY OWENS ("Defendant Owens") individually, was at all relevant times a duly appointed police officer of the Defendant, WILL COUNTY, and at all relevant times was acting within the scope of his employment and under color of law.

9) The Defendant, DEPUTY TOMALIEH ("Defendant Tomalieh") individually, was at all relevant times a duly appointed police officer of the Defendant, WILL COUNTY, and at all relevant times was acting within the scope of his employment and under color of law.

10) The Defendant, DEPUTY BROOKS ("Defendant Brooks") individually, was at all relevant times a duly appointed police officer of the Defendant, WILL COUNTY, and at all relevant times was acting within the scope of his employment and under color of law.

11) WILL COUNTY is a duly created municipal government body in charge of the Will County Adult Detention Facility, which housed the Plaintiff at the date and time of the

incident at bar. WILL COUNTY is directed by statute to pay any judgment for compensatory damages (and associated attorneys' fees and costs) for which any WILL COUNTY employee acting within the scope of his/her employment is found liable. Accordingly, WILL COUNTY is an indemnification party.

### FACTS MATERIAL TO ALL CLAIMS

12) On or about November 2, 2010, at approximately 5:00 p.m., the Plaintiff was detained in the Will County Adult Detention Facility, in Joliet, Illinois.

13) Defendant Alvarado called the Plaintiff out of his cell. The Plaintiff complied with this command.

14) Defendant Alvarado directed the Plaintiff to disrobe for a strip search. The Plaintiff complied.

15) Without provocation, Defendant Alvarado grabbed the Plaintiff and punched the Plaintiff in his head.

16) Without provocation, Defendant Filius also struck the Plaintiff.

17) Without provocation, all of the Defendants continued to beat the Plaintiff about his head, face and back, and failed to prevent the other Defendants from attacking the Plaintiff.

18) The Plaintiff suffered injuries.

### COUNT I
### SECTION 1983 EXCESSIVE FORCE/FAILURE TO INTERVENE
### AGAINST ALL DEFENDANTS

19) Plaintiff ROBERT BOUTON hereby re-alleges and incorporates the allegations of paragraphs 1 – 18 as his respective allegations of paragraph 19 of Count I as though fully forth

herein.

20) The force used by the Defendants was unreasonable, unprovoked, unnecessary and excessive.

21) The Defendants were present during all use of force and failed to intervene in the use of force.

22) As a result of the actions and inactions of the Defendants, the Plaintiff was injured and received hospital treatment.

23) Said actions and inactions of the Defendants were intentional, willful and wanton.

24) Said actions and inactions of the Defendants violated the Plaintiff's Fourth Amendment Rights of the United States Constitution as protected by 42 U.S.C. §1983.

25) As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff, ROBERT BOUTON, suffered violations of his constitutional rights, emotional anxiety, fear, pain and suffering, and monetary loss and expense.

WHEREFORE, the Plaintiff, ROBERT BOUTON, prays for judgment against the Defendants, DEPUTY ALVARADO, DEPUTY COPPES, DEPUTY FILIUS, DEPUTY RAUBA, DEPUTY OWENS, DEPUTY TOMALIEH, and DEPUTY BROOKS, jointly and severally, in an amount in excess of $10,000.00 (Ten Thousand Dollars) in compensatory damages and in excess of $5,000.00 (Five Thousand Dollars) in punitive damages, plus attorney's fees and costs pursuant to §1988.

### COUNT II
### INDEMNIFICATION
### AGAINST WILL COUNTY

26) Plaintiff ROBERT BOUTON hereby re-alleges and incorporates the allegations of paragraphs 1 - 25 as his respective allegations of paragraph 26 of Count II as though fully set

forth herein.

27) Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

28) At the time of the incident, the Defendants, DEPUTY ALVARADO, DEPUTY COPPES, DEPUTY FILIUS, DEPUTY RAUBA, DEPUTY OWENS, DEPUTY TOMALIEH, and DEPUTY BROOKS were employees of WILL COUNTY and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants DEPUTY ALVARADO, DEPUTY COPPES, DEPUTY FILIUS, DEPUTY RAUBA, DEPUTY OWENS, DEPUTY TOMALIEH, and DEPUTY BROOKS be found liable for the acts alleged above, Defendant WILL COUNTY would be liable to pay the Plaintiff any judgment obtained against said Defendants.

## JURY DEMAND

The Plaintiff, ROBERT BOUTON, requests a trial by jury.

Respectfully submitted,

/s/ David S. Lipschultz

Gregory E. Kulis and Associates
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830
Atty. No. 6277910